UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL A. HAYES,

      Petitioner,

v.                                 Case No. 3:18cv1389-MCR-HTC

MARK S. INCH,

      Respondent.

_____/

REPORT AND RECOMMENDATION

Petitioner, Michael A. Hayes, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 challenging his conviction in the circuit court of Okaloosa County, Florida, for Lewd and Lascivious Molestation (victim less than twelve) and Lewd and Lascivious Conduct and raising nine (9) grounds of ineffective assistance of trial counsel. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After considering the petition, the State's response (ECF Doc. 18), and Petitioner's reply (ECF Doc. 21), the undersigned recommends the Petition be DENIED without an evidentiary hearing.

I.    **BACKGROUND**

A.    **Offense and Conviction**

On May 26, 2011, K.A.W., who was then ten years old, ECF Doc. 18-2 at 58, revealed to her mother that Hayes, the son of her mother's boyfriend, had molested

her in the Summer of 2010 when Hayes was nineteen (19) and K.A.W. was nine (9) years old. ECF Doc. 18-2 at 91. K.A.W.'s mother contacted law enforcement and an investigation began in Okaloosa County, Florida, Santa Rosa County Florida, and Thornton, Colorado, locations where the alleged instances of molestation had occurred. *Id.* at 354. Hayes lived in Colorado at the time of the investigation. *Id.* at 93-94.

Upon referral from Florida authorities, Detective Robin Danni from the Thornton, Colorado, police department executed a search warrant at Hayes' home in Colorado, arrested him, and interviewed Hayes. During the interview, which was video-recorded and played at trial, Hayes admitted he had played "Truth or Dare" with K.A.W., had dared her to remove her clothing on various occasions, had dared her to touch his naked penis, which she did, ECF Doc. 18-2 at 114-16, and dared her to let him photograph her nude and made her look at it for several seconds on his laptop. *Id.* at 117-18.

Hayes was eventually charged in Okaloosa County with two counts: Count 1: Lewd and Lascivious Molestation (victim less than twelve), in violation of Florida Statutes § 800.04(5)(b) and Count 2: Lewd and Lascivious Conduct, in violation of Florida Statutes § 800.04(6). ECF Doc. 18-1 at 60. Prior to going to trial in Okaloosa County, however, Hayes had already been convicted in Santa Rosa County for acts against K.A.W. occurring in that jurisdiction. He was sentenced to a total term of imprisonment of five years in the Santa Rosa County case.

Hayes proceeded to trial in Okaloosa County and was convicted of both counts on September 27, 2013.[1]  ECF Doc. 18-1 at 78.  He was sentenced the same day to 25 years imprisonment on Count 1, to run concurrently with 114.15 months on Count 2, followed by life on sex offender probation.  *Id.* at 86.  The court directed the sentences in the Okaloosa County case run concurrently with those in the Santa Rosa County case.  *Id.* at 88.

## B.    Postconviction Procedural History and Timeliness

Hayes appealed his judgment and conviction in Okaloosa County to the First District Court of Appeal ("First DCA").  *Id.* at 97; Case No.: 1D13-5269.  The First DCA affirmed *per curiam* without written opinion, ECF Doc. 18-2 at 283, and, also, denied rehearing on January 14, 2015.  *Id.* at 291;

On July 17, 2015,[2] Hayes filed a motion for postconviction relief under Rule 3.850, ECF Doc. 18-2 at 312.  The circuit court summarily denied all claims except claim 2.  *Id.* at 378.  An evidentiary hearing was held on claim 2 (which is ground 1 of the instant petition) on February 20, 2017, after which the circuit court entered a written order denying the motion as to that claim as well.  ECF Doc. 18-3 at 77.  The motion was continuously pending on appeal until the First DCA affirmed *per curiam*

---

[1] K.A.W. testified at trial, and her testimony regarding the events was consistent with the events as described by Hayes during his interviews.

[2] When available, the undersigned refers herein to the date the Petitioner submitted the referenced motion to prison mail officials, rather than the docketed date.  *See* Habeas Rule 3(d) and *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.).

without written opinion and issued a mandate on May 4, 2018. *Id.* at 193; Case No.:
1D17-0932; *see King v. Sec'y, Fla. Dept. of Corr.*, 2017 WL 6760186, *1 (11th Cir.
Jan. 5, 2017) (holding federal one-year period is tolled upon properly filed
postconviction motion and remains tolled until the appellate court issues its
mandate).

In the meantime, on March 20, 2018, Hayes filed a supplemental 3.850
motion, ECF Doc. 18-3 at 211, which the circuit court denied. *Id.* at 246. Hayes
appealed, and the motion was continuously pending until the First DCA affirmed
*per curiam* without written opinion and issued its mandate on June 7, 2019.[3] Case
No.: 1D18-3591.

The instant federal petition was filed on May 31, 2018, ECF Doc. 1 at 45, and
Respondent does not contest its timeliness. ECF Doc. 18. The undersigned agrees
the petition is timely.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a
one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The
period generally runs from "the date on which the judgment became final by the
conclusion of direct review or the expiration of the time for seeking such review"
(unless one of the later dates enumerated in the statute applies – which they do not

---

[3] The mandate is not included in Respondent's exhibits because it was issued after the filing of the
exhibits. The docket of 1D18-3591 is available online at the following address:
http://onlinedocketsdca.flcourts.org/DCAResults/LTCases?CaseNumber=3591&CaseYear=2018
&Court=1

here). *Id.* § 2244(d)(1)(A). The limitations period is tolled for the time during which a "properly filed" postconviction motion is pending in state court. *Id.* § 2244(d)(2).

A state prisoner's conviction becomes final when the U.S. Supreme Court denies certiorari, issues a decision on the merits, or when the 90-day period to file a petition for certiorari expires. *Bond v. Moore*, 309 F.3d 770, 773–74 (11th Cir. 2002). Since Hayes did not seek certiorari review with the United States or Florida Supreme Courts, the AEDPA clock began running ninety (90) days after the denial of his motion for rehearing on direct appeal on January 14, 2015. *See Lowe v. Fla. Dep't of Corr.*, 679 F. App'x 756, 757–58 (11th Cir. 2017) ("Under the Supreme Court's rules, the 90-day period for filing a petition for certiorari begins to run from the date of entry of the judgment; and in the event a timely petition for rehearing is filed and denied, the period begins to run from the date of the denial. Sup. Ct. R. 13.3.").

Thus, Hayes' AEDPA clock began running on April 15, 2015, and ran until the filing of the first 3.850 motion on July 17, 2015. Because Hayes's postconviction motions tolled the AEDPA clock until, at the earliest May 4, 2018, when the First DCA issued its mandate affirming the denial of Hayes' first 3.850 motion, and this petition was filed 27 days later, it is timely.

## II.    LEGAL STANDARDS

Hayes raises nine (9) grounds for relief in the petition, all premised on a claim of ineffective assistance of trial counsel ("IATC"). An IATC claim requires a showing that (1) counsel's performance during representation fell below an objective

standard of reasonableness, and (2) prejudice resulted, *i.e.*, that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential. *Id.* at 689. The defendant bears the burden of proving that counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Id.* at 688-89

*Strickland*'s prejudice prong requires a petitioner to allege more than simply that counsel's conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. The petitioner must show a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Bare allegations the petitioner was prejudiced by counsel's performance are not enough. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987).

## III.    DISCUSSION

Hayes raised each of his IATC claims before the state courts in his Rule 3.850 motion, and thus, has exhausted his state remedies. Additionally, because the First DCA issued a *per curiam* affirmance without written opinion of the denial of the Rule 3.850 motion, this Court will "look through" that decision to the last related

state-court decision that provides a relevant rationale and presume that the unexplained decision adopted the same reasoning. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Here, the last written explanation for each ground comes from the circuit court's orders denying the first 3.850 motion. ECF Doc. 18-2 at 378; ECF Doc. 18-3 at 77.

For the reasons which follow, Hayes is not entitled to habeas relief because he has not shown the circuit court's denial of these claims was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d).

## A.   Ground One: IATC for Failing to Advise Petitioner the State Could Withdraw Plea Offer

Prior to trial, the State made a written offer to Hayes of eight (8) years imprisonment to run concurrently with the already-imposed Santa Rosa sentence of five (5) years, meaning three (3) additional years of imprisonment. ECF Doc. 1 at 5. At a pretrial conference on September 18, 2013, defense counsel told the court all plea offers had been rescinded the night before, but the prosecutor admitted the State had "represented [to defense counsel] that the offer would be open through today." ECF Doc. 18-1 at 127. The prosecutor explained she had been instructed by her supervisor the evening before to rescind all offers and had sent notice to defense counsel by text at 5:47 p.m. on September 17, 2013. ECF Doc 18-1 at 129-30.

Hayes indicated to the judge he probably would take the offer if it were still open like he thought it was going to be, *id.* at 128, so the trial court placed Hayes under oath and formally asked him if he would have accepted the offer if it were then still available. *Id.* at 138. Hayes answered he would. *Id.*

The prosecution argued, however, the court lacked jurisdiction to force the State to hold the offer open. *Id.* at 136-37. The circuit court appeared to agree, but did not formally rule, stating the following:

> Okay. At this point, I can't say that [the prosecution attorney] is in error. I'm going to do a little research on that. And I --if I find otherwise, then I'm hoping that I preserved the record enough to come back and address that at some later time. At this point, we are scheduled to go to trial on --pick the jury next Monday.

*Id.* at 138. The issue was not raised again by Hayes's counsel.

Hayes claims counsel was ineffective for not advising him "the State could withdraw the plea offer before the date certain without notice or any further opportunity to accept the offer." ECF Doc. 18-2 at 317. Hayes argues he "was prejudiced by losing the opportunity to accept the favorable plea bargain extended and was forced to instead go to trial, where he lost and was sentenced to a term of imprisonment greater than what was offered." *Id.*

Hayes raised this ground as claim two of the 3.850 motion. As stated above, the circuit court held an evidentiary hearing on this claim. Hayes' trial counsel, Timothy Weekley, testified at the hearing. The trial court found Weekley's testimony credible and found Weekley had, in fact, communicated to Hayes he

should consider the 8-year plea deal and further that the plea could be withdrawn at any time.[4]  Furthermore, according to Weekley, despite this information, Defendant asked him to "go back to the State one additional time and ask them for a five-year concurrent offer," which he did.  However, the State ultimately elected to revoke all offers.  ECF Doc. 18-3 at 78-79.

A defendant's Sixth Amendment right to counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (citing *Missouri v. Frye*, 566 U.S. 133, 138 (2012), and *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).  "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler*, 566 U.S. at 168.  Thus, the two-part test articulated in *Strickland* applies to claims that counsel was ineffective during plea negotiations. *See id.* at 163 (applying *Strickland*'s two-part

---

[4] The following summary of Weekley's testimony comes from the circuit court's order:

> Mr. Weekley said that he had often advised Defendant that "the State did not have to make an offer; that if the State did not make an offer or withdrew any offers, that he would be facing a 25-year mandatory minimum."  Mr. Weekley said that he informed Defendant that any offer could be withdrawn until it was accepted by the court. Mr. Weekley said that Defendant had a trial in Santa Rosa County that resulted in a conviction for lesser included offenses with a sentence of five years.  Mr. Weekley said that during his **Error! Main Document Only.**representation of Defendant in Okaloosa County, the State offered "eight years concurrent," but Defendant "wanted five years concurrent so there would not be any additional time."  Mr. Weekley said that he "proposed to the State a five-year concurrent offer, which was turned down."  Mr. Weekley said that "every time that [he] talked to Mr. Hayes [he] encouraged him to look at the eight-year offer."  Mr. Weekley said that he had made Defendant "aware from the very beginning that holding out meant that the State could withdraw the offer."  Mr. Weekley said that he informed Defendant that the State had said the eight-year offer would remain open, but that he told Defendant that "you have to understand that they can withdraw it at any time."  ECF Doc. 18-3 at 78-79.

test to federal habeas petitioner's claim that counsel was ineffective for advising him to reject a plea offer).

In the context of a rejected plea offer, a petitioner must show that "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id*. at 163-64.

Also, in determining whether the state court's decision "was an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the state court's determination of factual issues is presumed correct. *See Parker v. Head,* 244 F.3d 831, 835 (11th Cir. 2001). The burden is on the petitioner to rebut that presumption of correctness by clear and convincing evidence. *See id.* at 835-36; 28 U.S.C. § 2254(e)(1); *see also, Siplen v. Sec'y, Fla. Dept. of Corr.*, 649 F. App'x 809, 811 (11th Cir. 2016).

This Court must accept the state court's credibility determinations. *See Baldwin v. Johnson,* 152 F.3d 1304, 1316 (11th Cir. 1998) ("We must accept the state court's credibility determination and thus credit [counsels'] testimony over [petitioner's].."); *see also, Consalvo v. Sec'y for Dept. of Corr.*, 664 F.3d 842, 845

(11th Cir. 2011) ("[d]etermining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review").

The circuit court gave specific reasons for crediting counsel's testimony, including that Weekley's testimony was consistent and without hesitation, regardless of how many different ways he was asked the same question. ECF Doc. 18-3 at 105-06. Thus, the circuit court's rejection of this claim came down to its credibility determination of Weekley. And, when the question of deficient performance comes down to a credibility determination, the circuit court's factual determinations are virtually unreviewable.

In his reply, Hayes urges this Court to reject the circuit court's credibility determination because "the record proves the State had offered a better deal and counsel had advised Petitioner to wait on the better deal" and so "counsel was not credible." ECF Doc. 21 at 1-2. However, postconviction counsel presented this argument to the circuit court during the evidentiary hearing, and the circuit court was not swayed by it.

Specifically, in response to a question regarding the offer getting better, Weekley responded that although "the State was thinking that they might get approval for the five years if it would prevent the alleged victim from having to go through a second trial… at the same time, that doesn't change the fact the State doesn't have to maintain any offer." ECF Doc. 18-3 at 92.

The postconviction court heard this explanation, incorporated it into its credibility determination, and credited Weekley's testimony over Hayes's testimony. Hayes has offered nothing in his petition or reply that points to clear and convincing evidence to rebut the presumption of correctness this Court must apply to the state court's credibility determination. Therefore, Hayes is not entitled to habeas relief on this claim.

### B.    Ground Two: IATC for Failing to Move for a Judgment of Acquittal Based on Double Jeopardy

Hayes argues his conviction in his Okaloosa case violated the Fifth and Fourteenth Amendment bars against Double Jeopardy because "to separate the two counts, the testimony for the lewd and lascivious molestation count must exhibit a separation, and it does not" because the alleged victim "never gives any testimony that the two allegations took place at different times" and so the evidence did not show a "break between counts one and two." ECF Doc. 1 at 14.

Petitioner raised this ground as claim seven of his 3.850 motion. The circuit court denied relief on this ground because "the victim's testimony sufficiently shows that the crimes occurred in more than one episode, and accordingly, no double jeopardy violation exists. Defendant's 'dares' provided sufficient time for him to pause, reflect, and form a new criminal intent between each crime." ECF Doc. 18-2 at 387-88. Specifically, the court noted K.A.W.'s testimony concerning the conduct underlying Count One was about Hayes daring K.A.W. to touch his penis

and her doing so, while her testimony concerning the conduct underlying Count Two was about Hayes daring her to allow him to photograph her vagina close-up and daring her to look at it.

Under the Double Jeopardy clause, no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V; *see also Benton v. Maryland,* 395 U.S. 784, 794 (1969) (determining that the Double Jeopardy Clause applies to the states through the Fourteenth Amendment). Thus, the Double Jeopardy Clause of the Fifth Amendment protects against: (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same offense after a conviction; and (3) multiple punishments for the same offense. *Jones v. Sec'y, Dep't of Corr.*, 778 F. App'x 626, 634 (11th Cir. 2019) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

Florida law permits multiple punishments both for offenses committed during different criminal transactions or episodes and for separate offenses committed during one transaction or episode. *Mosley v. Jones*, 2018 WL 6982924, at *3 (11th Cir. Nov. 15, 2018) (citing *Partch v. State*, 43 So. 3d 758, 760-61 (Fla. 1st Dist. Ct. App. 2010); Fla. Stat. § 775.021(4) ("Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively.")).

To determine whether offenses were committed during one or more criminal episodes, a court examines "whether there are multiple victims, whether the offenses occurred in multiple locations, and whether there has been a temporal break between offenses." *State v. Paul,* 934 So. 2d 1167, 1172-73 (Fla. 2006) (quotations omitted) (concluding that sexual offenses committed in the living room and bedroom of the victim's apartment were committed during separate criminal episodes), *abrogated in part on other grounds by Valdes v. State,* 3 So. 3d 1067, 1074-77 (Fla. 2009).

"[T]he fact that the same victim is sexually battered in the same manner more than once in a criminal episode by the same defendant does not conclusively prohibit multiple punishments." *Stoddard v. Sec'y, Dep't of Corr.*, 600 F. App'x 696, 704–05 (11th Cir. 2015) (quoting *Saavedra v. State,* 576 So.2d 953, 956, 958 (Fla.Dist.Ct.App.1991)). Instead, "[t]he key question in such a case is whether 'the defendant had time to pause, reflect, and form a new criminal intent between the occurrences.'" *Stoddard*, 600 F.App'x at 705 (quoting *Eaddy v. State,* 789 So.2d 1093, 1095 (Fla.Dist.Ct.App.2001)).

Here, the circuit court was not unreasonable in concluding that the conduct of touching the penis based on a dare and allowing a nude picture to be taken based on a separate dare were sufficiently distinct so as to constitute separate offenses because Hayes had the time to pause, reflect and form a new criminal intent before each dare. Thus, had Hayes' counsel moved for acquittal, he would not have been successful.

And, counsel cannot be ineffective for failing to raise a non-meritorious argument. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001).

### C.    Ground Three: IATC for Failing to Impeach The Victim

Hayes argues counsel failed to impeach the victim with prior inconsistent statements she made during his Santa Rosa County trial. ECF Doc. 1 at 16-17. He argues, at the Santa Rosa trial, K.A.W. was unable to remember a specific instance that Petitioner dared her to touch his penis. *Id.* at 17. Hayes argues counsel should have impeached her with her Santa Rosa testimony because it showed she had been coached during the time between the two trials. *Id.*

Hayes raised this ground as claim six of the 3.850 motion, ECF Doc. 18-2 at 325. The state court denied the claim because Defendant's admissions during his recorded interviews were consistent with K.A.W.'s testimony at trial. ECF Doc. 18-2 at 386. In other words, it would have made no difference for counsel to impeach K.A.W. when the evidence needed to convict Defendant came from Defendant's own admissions.

The circuit court's conclusion was not contrary to, and did not involve an unreasonable application of, clearly established Federal law. As set forth above, Hayes admitted to playing truth or dare with the victim, to daring her to touch his penis, and to being unclothed at the time. Thus, Hayes is not entitled to habeas relief on this claim.

### D.   Ground Four: IATC for Failing to Object to Prior Bad Act and Child Hearsay Testimony

Hayes argues his counsel was ineffective for failing to object to the admission, of evidence of prior bad acts and child hearsay testimony that had been previously ruled inadmissible during the playing of his videotaped interview at trial.  ECF Doc. 1 at 20-23.  Also, he complains "there are portions indicated by Petitioner in the rule 3.850 motion where the DVD was altered to the extent that Petitioner's response[s] were altered from the original responses."  *Id.* at 22.  In his 3.850 motion he raised these arguments as claim five.  ECF Doc. 18-2 at 322.

During the playing of the redacted DVD at trial, the following prior bad act evidence was heard by the jury:

> Q. Now, she did talk about - you know, with regards to you touching her, she did talk about putting - that you would put your finger up her shorts and stuff, is how she described it, but I don't know how far your finger would go up her shorts or anything like - her shorts. Did you ever do anything like that
>
> A. Huh-uh.

ECF Doc. 18-2 at 116.  Petitioner argues the admission of this evidence was prejudicial because he was not on trial for the incident discussed and the incident occurred outside of Okaloosa County.  ECF Doc. 1 at 22-23.

The circuit court denied this claim based on a lack of prejudice.  Namely, the court determined that "there is no reasonable probability that the entire recording of Defendant's interview would have been suppressed based on the grounds argued by

Defendant," that any prejudice from the admission of the evidence "was not so prejudicial as to vitiate the entire trial," and that the trial would not have been different even without the video given the "the other evidence introduced at trial, including the victim's testimony, the Court finds no reasonable probability that the outcome of the trial would have been different."  ECF Doc. 18-2 at 385.

The court's conclusion was not contrary to, and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.  28 U.S.C. § 2254(d).  The admission of the video, even if in error, was harmless as there was no "reasonable possibility that the error affected the verdict.'"  *Chavez v. State,* 25 So.3d 49, 54 (Fla. 1st DCA 2009) (citing *State v. DiGuilio,* 491 So.2d 1129, 1139 (Fla.1986)).

First, the other bad acts evidence was not made a central feature of the trial. *Compare Steverson v. State*, 695 So.2d 687, 689 (Fla.1997) ("[T]he prosecution should not go too far in introducing evidence of other crimes. The state should not be allowed to go so far as to make the collateral crime a feature instead of an incident.").  Second, the case did not come down to just the credibility of the alleged victim, as the State also had Hayes' confession, which corroborated the victim's testimony.  *Compare Pulcini v. State*, 41 So. 3d 338, 346 (Fla. 4th DCA 2010) ("Here, the State's case boiled down to the credibility of the victim, whose testimony was contradicted by two defense witnesses, and uncorroborated by any physical evidence. This, coupled with the fact that the State highlighted the *Williams* rule

evidence in closing argument, leads us to conclude that the error could not have been harmless."). Absent a showing of prejudice, Petitioner is not entitled to relief.

### E.    Grounds Five and Six: IATC for Failing to Object to Misleading Closing Argument

Hayes argues his counsel failed to review the transcripts of his prior Santa Rosa trial, which had resulted in acquittals, and so failed to discover a basis for objecting to misleading closing arguments in his Okaloosa trial. Specifically, he argues the State misled the jury when the prosecutor argued in closing that Petitioner focused only on sexual types of dares, because the same prosecutor in the Okaloosa County trial also tried the Santa Rosa County case and knew evidence had been presented that case of other non-sexual dares. ECF Doc. 1 at 25-26.

Petitioner raised these grounds as part of claim nine in his 3.850 motion, ECF Doc. 18-2 at 331, and the state court denied relief based on a lack of prejudice. Specifically, the court stated "As to Defendant's allegations concerning counsel allowing the State to focus solely on 'sensual' dares in its closing argument, in light of the attached transcripts of victim's testimony and Defendant's statements, there is no reasonable probability that the outcome of the trial would have been different had the jury received evidence that other dares were made…" ECF Doc. 18-2 at 390.

The court's conclusion was not contrary to, and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d). As with ground four, counsel's decision to

not object was not deficient performance and did not prejudice Hayes because any objection would likely have been rejected.

Under Florida law, in determining whether allegedly improper comments by the prosecution constitute reversible error, the comments "should be reviewed within the context of the closing argument as a whole and considered cumulatively within the context of the entire record." *McArthur v. State*, 801 So.2d 1037, 1040 (Fla. 5th DCA 2001). After considering the totality of the record, Florida courts will not grant a mistrial or reverse a conviction unless the improper comments "reach[ed] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the alleged error." *Johnson v. State*, 238 So. 3d 726, 740 (Fla. 2018) (quoting *Kilgore v. State*, 688 So. 2d 895, 898 (Fla. 1996)).

Here, the objected-to comments were not a central feature of the closing argument, and, as the state court correctly recognized, the victim's testimony was corroborated by the Defendant's confession. Therefore, the state court was not unreasonable in finding the totality of the evidence was sufficient to support the verdict even if this argument had not been made. Petitioner is not entitled to habeas relief on this claim.

### F.    Ground Seven: IATC for Failing to Properly Cross-Examine Detective Danni

Hayes argues his counsel was ineffective for failing to cross examine the police investigator who interviewed Hayes about the circumstances surrounding his

confession.  Hayes argues, at the time of his confession, he was young, had never been in trouble before and had been awake for two days, when he was suddenly woken up by officers with their guns drawn, while wearing nothing but his underwear.  Hayes believes had the jury been given this information, it "would have humanize[d] him," "would [have] generate[d] sympathy with the jury and would cause a reasonable doubt as to just how voluntary Petitioner's confession was."  ECF Doc. 1 at 32-33.

Petitioner raised this ground as claim eight of the 3.850 motion.  The state court denied the claim based on lack of prejudice and found as follows:

> Detective Danni testified at trial that prior to Defendant's interview with law enforcement, he had been advised of his rights and had signed the advisement form.  The transcript of the interview shows that Defendant was asked to read the advisement form as the detective read the form to him. Defendant was then advised to sign the form to show "that you understand what your rights are." After reading the advisement form to Defendant, the detective asked him, "[H]aving read the above advisement, are you willing to discuss the facts of this matter without your lawyer present to assist you? Answer yes or no and then sign your name." Defendant signed the written advisement form, which had been read to him and which clearly stated his rights.  Having reviewed the transcript of the suppression hearing and trial, as well as the written advisement form, the Court finds that Defendant is not entitled to relief. Accordingly, Claim Eight is denied.

ECF Doc. 18-2 at 389.  The court's conclusion was not contrary to, and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.  28 U.S.C. § 2254(d).  Accordingly, Hayes is not entitled to habeas relief on this claim.

**G.     Ground Eight: IATC for Failing to Call Petitioner as a Witness at the Motion to Suppress Hearing**

Hayes argues his counsel was ineffective for failing to call him as a witness during the hearing on his motion to suppress his interview with the investigator.  As discussed more fully below, after Petitioner was read his rights and asked if he was willing to speak to the detective without a lawyer present, he stated, "Since I don't have a lawyer."  Petitioner argues if he had been called to testify at the suppression hearing, he could have explained that when he stated "Since I don't have a lawyer," he was seeking clarification of his rights, and therefore not knowingly and voluntarily waiving his right to have an attorney present.  ECF Doc. 1 at 37.

Petitioner raised this ground as claim four in his 3.850 motion.  The state court denied relief, noting (1) that any argument his arrest was illegal was not relevant to the voluntariness of his later confession; (2) the arguments he made concerning voluntariness were raised and rejected at the suppression hearing; and (3) as with ground seven, there was no prejudice because the outcome would not have been different given the written advisement form Defendant executed.  ECF Doc. 18-2 at 383-84

This conclusion was not contrary to, and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d).  At the trial, Detective Danni testified that, prior to Defendant's interview with law enforcement, he had been advised of his rights and had signed

the advisement form.  ECF Doc. 18-2 at 100-05.  The transcript of the interview shows Defendant was asked to read and initial the advisement form as Detective Danni read the form to him.  *Id.* at 105.  Defendant was then advised to sign the form to show "that you understand what your rights are."  After the form had been read to Defendant, the detective asked, "[H]aving read the above advisement, are you willing to discuss the facts of this mailer without your lawyer present to assist you?  Answer yes or no and then sign your name."  *Id.*  Defendant asked, "Since I don't have a lawyer?"  *Id.* at 106.  The detective responded, "Well, I mean, I can't advise you on anything like that. I mean, it's totally up to you, okay, Mike."  *Id.*

In short, the state court was not unreasonable in concluding that since Defendant was clearly told that it was "totally up to you", any testimony by Petitioner at the suppression hearing would not have likely swayed the Court to find that the interview was not voluntary.  Therefore, Hayes is not entitled to habeas relief on this ground.

## H.    Ground Nine: Cumulative Ineffective Assistance of Counsel

Hayes argues "[a]ll of counsel's errors combined caused Petitioner not to have a fair trial, because Petitioner had a different outcome in the Santa Rosa Trial involving the same alleged victim, the same allegations as that here, and the jury there acquitted Petitioner, where because of counsel's errors in the instant case, Petitioner was found guilty as charged."  ECF Doc. 1 at 40.

Petitioner exhausted this ground by raising it as claim eleven in the 3.850 motion. The state court denied the claim as moot because the court had denied the other claims of ineffective assistance of counsel. This conclusion was not contrary to, and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d).

"[A] cumulative errors of counsel claim lacks merit without a showing of specific errors of counsel which undermine the conviction in their cumulative effect, amounting to prejudice." *Ramirez v. Sec'y, Fla. Dep't of Corr.*, 2020 WL 4596803, at *11 (M.D. Fla. Aug. 11, 2020) (citing *Forrest v. Fla. Dep't of Corr.*, 342 F. App'x 560, 564 (11th Cir. 2009) (per curiam) (citing *United States v. Cronic*, 466 U.S. 648, 659 n.26 (1984)), *cert. denied*, 562 U.S. 589 (2010). Petitioner has not demonstrated any of trial counsel's alleged errors, considered alone, rise to the level of ineffective assistance of counsel; therefore, there are no errors to accumulate, and Petitioner is not entitled to habeas relief. *See Spears v. Mullin*, 343 F.3d 1215, 1251 (10th Cir. 2003) (when the sum of various zeroes remains zero, the claim of prejudicial effect of cumulative errors is nil and does not support habeas relief), *cert. denied*, 541 U.S. 909 (2004).

## IV.    CONCLUSION

### A.    Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether

such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Additionally, this Court must take into account the deferential standards prescribed by § 2254. *See id.* Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing. *See Schriro*, 550 U.S. at 474.

### B.    Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

Case 3:18-cv-01389-MCR-HTC    Document 23    Filed 02/12/21    Page 25 of 25

Page 25 of 25

issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.      That the petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Hayes*, 2012-CF-156, in the First Judicial Circuit, in and for Okaloosa County, Florida, ECF Doc. 1, be DENIED without an evidentiary hearing.

2.      That a certificate of appealability be DENIED.

3.      That the clerk be directed to close the file.

At Pensacola, Florida, this 12th day of February, 2021.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.